## THE CITY OF SEATTLE vs. ISAAC W. BUZBY.

Motion to strike bill of exceptions.

While the naming of a day for the settlement of a bill of exceptions might not in case of *notice* to the opposite party, be sufficient without also designating an hour, yet when a day for such purpose is stipulated for by the parties, neither can complain that the hour of hearing is not known.

Only so much of the evidence need be stated in a bill of exceptions, as is required to explain the charge to the jury. Nor need such evidence necessarily be set forth in detail.

OPINION in case.

A city is liable to an owner of a lot for injuries resulting thereto, by reason

4

of negligence or lack of skill in the improvement of an adjoining street although such improvements be made by a contractor, acting under the supervision of the city surveyor, an officer appointed by requirement of law. In such case the contractor is the servant of the city, and the rule of *respondent superior* applies.

A denial in manner and form admits the allegation.

Before this Court will reverse a judgment for refusal to give an instruction requested upon the trial, it must be shown that such requested instruction was pertinent, that it was consistent with the evidence and law, and that the refusal has worked injury to the party asking it.

It is no ground for reversal that an instruction was not given in the language requested, when such failure has not been to the injury of the party requesting the instruction.

ERROR to the Third Judicial District, holding terms at Seattle.

*O. Jacobs, Hall & Osborne* for plaintiffs in error, cited the following authorities:

To the point that the city surveyor was an officer appointed by law, and not subject to the control of the city. Stat. 1877, p. 554, § 31; 10 Am. Rept. 212, 213; Cooley on Torts, 379, 380 and 382; 98 Mass. 570; 16 Gray, 302; 1 Allen, 101, 173; 112 Mass. 75; 46 Penn. 220; Cooley on Torts, 620–21.

That the doctrine of *respondent superior* did not apply in case of an independent contractor. Cooley on Torts, 547 and note 3; 3 Gray, 362; 10 Am. Repts. 205; 46 Penn. 220; Wharton on Negligence, § 181, note 21.

*Larrabee & Hanford, L. B. Nash* and *Burke & Raisin* for defendant in error.

That possession being admitted, not to be litigated in this suit. 3 Stephens Nisi Prius, 2633; *Holmes* v. *Newlands,* 11 Aldol & Ellis, 44; *Graham* v. *Peat,* 1 East. 244; *Harper* v. *Charlesworth,* 4 Barn & Coes, 574; *Barnstable* v. *Thatcher,* 3 Metc. 242; Bliss Code Pl. § 334.

A municipal corporation liable as an individual for injuries resulting from negligence in the performance of a public duty, or corporate work, and rule of *respondent superior* applies. 2 Dillon Municipal Corp. (2d ed.) § 766, 769, 770, 772, 776, 783, 797; Wharton on Negligence (2d ed.) § 956, 959, 961, 972, 259, 263; *Weightman* v. *Warlington,* 1 Block, 39; *Chicago* v.

*Robins*, 2 Block, 418; *B. & H. Turnpike Co.* v. *Buffalo*, 58 N. Y. 639; *Emery* v. *Lowell*, 104 Mass. 13; *Hawks* v. *Charlmont*, 107 Mass. 414; 9 Central Law Journal, 233; *Dayton* v. *Pease*, 4 Ohio State, 89.

That the surveyor was subject to city, and it is responsible for his negligence. 2 Dillon on Municipal Corp. 791–3; Wharton on Negligence, § 180–5, 190–4; Laws W. T., 1875, p. 149, § 31, p. 157, § 76. As to rule of damages, Wharton on Negligence, § 994; Field on Damages, § 145 *et seq.*, 567 *et seq.*, 732 *et seq.*, 740.

*Opinion on motion per Greene, Chief Justice.*

Motion to strike bill of exceptions.

It is necessary, under chapter XIX of the Civil Practice Act, that a time should be fixed for the settlement of a bill of exceptions not made up and settled on the instant, and that the opposite party to the one who presents it should have at least three days' notice of the time of settlement unless the time is fixed by the Court or Judge. Here, by consent of both parties and the Court, a day for settlement was appointed, and the exception were settled on that day. Simple naming of a day without designating a particular hour might not be enough, where one party was seeking to compel by notice the attendance of the other. It seems to us sufficient, however, where the time is determined by stipulation and the failure to name an hour is imputable to both.

How far it is necessary to set out the evidence in order to explain the charge of the Judge, under § 261 of chapter XIX, will depend in each case upon what the charge is. So much "as is necessary to explain it and no more," is the statutory measure. In a case like the present, it does not seem to us essential or desirable, that the evidence should be set forth in detail or at length. Here it is enough that it appears in the bill of exceptions that evidence was given which rendered the charge pertinent and intelligible.

So the motion to strike the bill must be denied.

*Opinion in case per Wingard, Associate Justice.*

The complaint of Isaac W. Buzby, the plaintiff below, is as follows:

And now comes the plaintiff by his attorneys, with leave of the Court, and amends his complaint herein and alleges:

1. That at all the times hereinafter mentioned and now, the said defendant was, and is a municipal corporation duly organized and existing under and by virtue of the laws of Washington Territory.

2. That on the first day of May, A. D. 1876, and from thence continuously until the date of the commencement of this a suit, this plaintiff was lawfully in possession and entitled to have possession of the following described premises situated within the corporate limits of the city of Seattle, the defendant herein, and abutting upon the west side of a certain street in said city called "Front street," to-wit, lots seven (7) and eight (8) of block D, of A. A. Denny's addition to said city of Seattle, according to the plat of said addition of record, and was, until the injury complained of herein, carrying on his business of miller and dealer in grains, flour, ground feed, etc., upon said premises, having previously to that time erected thereon, at great expense, to-wit, $6,000, buildings suitable for a steam grist mill, and furnished the same with suitable machinery, boilers, engines and appliances for operating said mill and carrying on said business, and said mill was then and there and all the time until the happening of the injury hereinafter complained of, propelled by steam and operated and in use by plaintiff.

3. That between the first day of March A. D. 1876, and the tenth day of April, 1876, plaintiff, at great expense, to-wit: $700, erected upon said premises a certain other building, which he rented to other parties, with the privilege of utilizing the power furnished by the engines and machinery in said mill for the purpose of propelling a turning lathe and operating a sash and moulding factory, at a monthly rental of $30.

4. That plaintiff did and continued to let said last mentioned building, and to receive the said rental therefor and in the use of his said mill, until the injury caused by the defend-

ant's negligence and mismanagement and want of reasonable care and skill hereinafter alleged and set forth.

5. That between the first day of July A. D. 1876, and the first day of January A. D. 1877, said Front street was graded and opposite to and in the immediate vicinity of plaintiff's said premises filled in and thereby raised considerably above the level of the natural surface in said vicinity, all of which was done by the said defendant and under its direction.

6. That east of said Front street and in the immediate vicinity of said premises, several natural springs of water issue from the ground, and previous to the grading of said Front street the same flowed past plaintiff's premises into Elliott's Bay.

7. That through negligence and from the want of reasonable care and skill in the performance of the work on the part of the said defendant, the work of grading and filling said Front street, opposite plaintiff's said premises, was improperly done in the following particulars, to-wit:

First. The natural foundation under said Front street, opposite said premises, was and is too weak and insecure as a foundation to sustain the great weight of earth and cribbing used in filling and raising said street in said vicinity, and said defendant negligently from the want of reasonable care and skill failed to construct any proper or secure foundation for said earthwork and cribbing to rest upon.

Second. The said earthworth and cribbing constructed by said defendant as aforesaid, wholly obstructs the natural flow of the water from the aforesaid springs, and said defendant negligently and from the want of reasonable care and skill failed to construct or provide any conduits or passage ways for said water, but left the same to flow against and percolate through the aforesaid earthwork and cribbing.

8. That the negligence of the defendant in the particulars aforesaid caused the foundations under the earthwork and cribbing, and also the foundation under the plaintiff's buildings and mill hereinafter mentioned, to slide and move westward towards Elliott's Bay, thereby rendering it impracticable to

operate or use the said engines and machinery in said mill and rendering said buildings too unsafe for occupancy or use.

9.    That in consequence of the disturbance to the foundations of said mill and buildings as aforesaid, plaintiff was obliged to and did on or about the first day of February, A. D. 1878, tear down and remove the buildings mentioned in the third paragraph of this complaint, and he has lost the use and rent thereof since said last mentioned date, and is now wholly deprived of the same, and for the same cause plaintiff was, between the first day of January, A. D. 1878, and the 10th day of January, A. D. 1879, often hindered in the use of said mill and in the conduct of his said business, and on the last mentioned date he was compelled to and did for the same cause entirely suspend his said business and tear down and remove his said mill and machinery, boilers, engines and appliances, and he has been ever since prevented from carrying on his said business, and from operating his said mill, as he was lawfully entitled to do, and should have done all the time aforesaid but for the disturbance to the foundations thereunder, caused by the defendant's negligence, and want of reasonable care and skill in performing the work of grading and filling Front street as aforesaid, to his (the plaintiff's) damage in the sum of three thousand dollars.

The answer to this amended complaint is as follows:

Comes now the defendant by its attorney, I. M. Hall, and in answer to paragraph 2nd of plaintiff's amended complaint says:

1.    As to whether the plaintiff was in the lawful possession and entitled to have the possession of lots 7 and 8, of block D., of A. A. Denny's addition to the city of Seattle, situated on Front street, at the times as set forth in plaintiff's said amended complaint this defendant denies any knowledge or information thereof sufficient to form a belief and therefore demands proof of the same. And the defendant further answering as to the matters set forth in said 2d paragraph says: As to whether plaintiff expended the sum of $6,000 or any other considerable sum in the erection of buildings on said lots

suitable for a steam grist mill and in furnishing the same with suitable machinery, boilers and engines and appliances for carrying on the milling business, this defendant denies any knowledge or information thereof sufficient to form a belief and therefore demands proof of the same.

The defendant answering as to the matters set forth in the 3d paragraph of plaintiff's amended complaint says: As to whether between the first day of April, 1876, the plaintiff at great expense, to-wit, $700, erected upon said premises certain other buildings, which he rented to other parties for the purposes in said paragraph set forth, at the rental of $30 per month, or any other sum, this defendant denies any knowledge or information thereof sufficient to form a belief, and therefore demands proof of the same.

The defendant in answer to the matters set forth in the 4th paragaph of plaintiff's amended complaint, says: As to whether plaintiff continued to let said last mentioned building and to receive the rentals therefor, this defendant denies any knowledge or information thereof sufficient to form a belief and therefore demands proof of the same.

The defendant, further answering, denies that any injury, as in said paragraph set forth, was caused the plaintiff by the negligence, mismanagement or want of reasonable care or skill by this defendant.

Defendant in answer to the matters set forth in the 5th paragraph of plaintiff's amended complaint, denies that the work therein mentioned was done by this defendant or under this defendant's direction, only as hereinafter set forth.

Defendant for answer to the matters set forth in the 7th paragraph of plaintiff's amended complaint denies that through the negligence, or from the want of reasonable care and skill in the performance of this work therein mentioned, that it was improperly done; defendant further denies that said defendant negligently or from the want of reasonable care or skill failed to construct a proper or secure foundation for the earthwork and cribbing therein mentioned; denies that the natural formation under said Front street, opposite said premises, was or is

too weak or insecure as a foundation, to sustain the weight of said earthwork and cribbing.

Defendant further answering says, as to whether said earthwork and cribbing wholly, or at all, obstructs the natural flow of the water from the springs therein mentioned, this defendant denies any knowledge or information thereof sufficient to form a belief and therefore demands proof of the same.

This defendant further answering, denies that defendant negligently or from want of reasonable care or skill failed, or failed at all, to provide any conduits or passage ways for said water; denies that the same flows against or percolates through the said earthwork and cribbing, and denies that there is or was any lack of such proper conduits.

Defendant in answer to the matters set forth in the 8th paragraph of plaintiff's amended complaint, denies that the negligence of the defendant in the particulars set forth in the 7th paragraph of amended complaint, or in any respect whatsoever, caused the foundations under the said earthwork and cribbing, and also the foundations under plaintiff's buildings and mill, to slide and move westward towards Elliott's bay; denies further, that through any want of proper care or skill on the part of the defendant, said buildings or mill was rendered too unsafe for occupancy or use; further denies that any want of proper care or skill on the part of the defendant rendered it impracticable for plaintiff to operate or use the engines or machinery in the same.

For answer to the 9th paragraph of plaintiff's amended complaint, the defendant denies specifically each and every allegation thereof, and says the same are not true.

2. For a statement of other and new matter constituting a defense to plaintiff's cause of action set forth in this amended complaint, the defendant further answering alleges: That said defendant is a municipal corporation duly organized under the laws of Washington Territory, and that in its capacity as such corporation has power to construct and repair side walks and to crib, pave, grade, macadamize and gutter any street, highway and ally therein for the use and accomodation of the people

thereof and the public generally. That, in pursuance of said power, a grade was duly established on said Front street on the report of its surveyor (an officer appointed by the common council and whose appointment is expressly required by law) and by the ordinance of this common council, duly made in this regard and entitled "Ordinance No. 112, to provide for the grading of Front street," and approved by the Mayor of said city, January 8th, 1876, as will more fully appear by a true and correct copy of said ordinance hereunto annexed. This defendant further alleges that, in pursuance of said ordinance that, on the 9th day of July, 1876, a contract was duly let to one George Edwards, for the grading of said Front street, and that a supplemental contract was made with said Edwards on the 30th day August, 1876, said contract to be executed and the work done therein mentioned under the supervision of the city surveyor, an officer of said city, required to be appointed by law as herein-before set forth. This defendant avers that the whole of the grading of said Front street was done by said Edwards, under the supervision of said city surveyor. This defendant further avers that it has no control over said contractor or his servants, and that said surveyor was a public officer as aforesaid.

This defendant further alleges that the whole of the grading of Front street, as set forth in said amended complaint, was done by said contractor and his servants, under the supervision of the said city surveyor, acting in the capacity of a public officer and not as the servant of the defendant.

The plaintiff below demurred to all the new matter in the aforesaid answer, which demurrer was sustained by the Court below, and an exception was taken to the ruling of the Court, and said ruling is here assigned for error.

We think the demurrer was properly sustained.

The city surveyor was the servant of the city. The contractor was not an independent contractor, but did the work as supervised by the city's officer. The plaintiff in error was therefore amenable to the rule of *respondeat superior*. Laws W. T., p. 149, § 31, and p. 157, §76; Dillon Municipal Corpor-

ations, § 791 and notes 792–3; Wharton on Negligence, § 180 to 185, and 190 to 194.

It is claimed that the averment in the complaint, to-wit: "That the plaintiff was lawfully in possession and entitled to have the possession, etc.," contains two propositions; so indeed it does, but the denial in the answer is only a denial in manner and form, and admits this allegation of the complaint.

The following are the assignments of error:

I.   The Court erred in sustaining the plaintiff's demurrer to all the new matter set up in defendant's answer to the plaintiff's amended complaint, which demurrer was filed August 22, 1879.

II.   The Court erred in refusing to give the jury the first instructions asked for by the defendant, in the identical language used by defendant.

III.   The Court erred in refusing to give the jury the second instruction asked for by defendant, in the identical language used by defendant.

IV.   The Court erred in refusing to give the jury the third instruction asked for by defendant, in the identical language used by defendant.

V.   The Court erred in refusing to give the jury the fourth instruction asked for by defendant, in the identical language used by defendant.

VI.   The Court erred in instructing the jury as follows, to-wit: "For the purposes of this case you will consider plaintiff's structures as if they had been built where he had a right to build them.   The question, whether the tide ebbs and flows over the land on which plaintiff's structures stood, or, whether any part of his structures stood on land below the ordinary line of high water mark, is not one that affects the plaintiff's right to recover in this case, upon these pleadings.   Neither does the question, whether or not any of his buildings were situated in an alley affect his right to recover here."   The defendant has no right to litigate before you upon this trial, the issue of whether plaintiff had title or possession of the soil on which he had his buildings."

VII.   The Court erred in instructing the jury as follows, to-wit: "If under the foregoing instructions, you find for the plaintiff, then you will assess as his damages a sufficient sum in dollars and cents to compensate him fairly for the damage done him.   The compensation proper for him to receive, may be classified for your convenience under two heads: '1st—Actual damages done to plaintiff's structures.   2d—Loss of the use of his structures during the time he was actually and necessarily deprived of the use of them.'"

VIII.   The Court erred in instructing the jury as follows, to-wit: "The actual and necessary cost of putting the buildings again in as good repair as that in which they were before the injury, is the proper measure of the damages to the buildings themselves.   The fair and reasonable rental of them during the time and to the extent the plaintiff was deprived of the use of them, is the proper measure of damages for the loss of the use of them."

The refusal of the Judge below to give the instructions asked, would be error for which this Court would reverse the judgment: *Provided,* That the instruction requested was pertinent and consistent with the law and evidence of the case, and that such refusal has worked an injury to the party requesting the same.   Washington Territory Statutes, 1877, p. 46, § 4. It seems that the Judge below did not give the instructions asked "in the identical language used by the defendant."   An examination of the charge, however, satisfies us that he did give substantially what was requested in the instructions asked, so far as the same was pertinent and consistent with the case, and that the failure or refusal to give the instructions in the identical language could not and did not work an injury to the defendant below.   The objections urged to the charge, that "there was no limitation of *time* in the rule given by the Court" respecting damages, we think is manifestly untenable in the light of the context; nor is there within the charge anything to be found in conflict with the doctrine, that "the jury ought to judge of the action of the defendant by the facts present at the time the work was done," but on the contrary, that doctrine is clearly indicated throughout.

Let the judgment of the Court below be AFFIRMED.